# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BRIDGES, | : | |
|     *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SEAN KILKENNY et al., | : | No. 17-2802 |
|     *Defendants*. | : | |

## MEMORANDUM

PRATTER, J.                                                                                                                    DECEMBER 21, 2017

### INTRODUCTION

A deputy sheriff alleges that his former employer discriminated against him because he is a man. Title VII requires plaintiffs like the deputy sheriff to commence suit in federal court within 90 days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission. Because the complaint was filed 91 days after the deputy sheriff received the right-to-sue letter, the Court dismisses his case.

### BACKGROUND

Eric Bridges and Andrea Sovari worked together as Montgomery County deputy sheriffs. Mr. Bridges alleges that their relationship was friendly and flirtatious. He admits that he sent Ms. Sovari pictures and a video of himself that were sexual in nature.

After receiving the sexual pictures and video, Ms. Sovari complained to the Montgomery County human resources department. An investigation ensued, and the H.R. officials concluded that Mr. Bridges violated the county's sexual harassment policy. The Sheriff's Office, led by Sheriff Sean Kilkenny, offered Mr. Bridges the opportunity to resign.

Mr. Bridges then complained to the Equal Employment Opportunity Commission that he was being discriminated against on the basis of his gender. The EEOC sent him a right-to-sue letter on March 21, 2017. Armed with the letter, he filed this suit against Ms. Sovari, Sheriff Kilkenny, Montgomery County, and unnamed county employees on June 20, 2017.

All defendants have filed a motion to dismiss. Because the complaint is time-barred, the Court grants the motion.[1]

## THE COMPLAINT IS TIME-BARRED

In Title VII cases, a plaintiff must file a complaint within 90 days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) ("[W]ithin ninety days after the giving of such notice [by the EEOC,] a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved.").

Mr. Bridges received the right-to-sue letter from the EEOC on March 21, 2017, and he filed his complaint on June 20 — 91 days later. *See* Compl. ¶ 33. In *Mosel v. Hills Dep't Store*, 789 F.2d 251 (3d Cir. 1986) (per curiam), the plaintiff received a right-to-sue letter on January 2, 1985, and filed his complaint on April 3 — also 91 days later. The Third Circuit Court of Appeals unequivocally held that the claim was time-barred. *Id.* at 253. Mr. Bridges's complaint is similarly time-barred.

*Mosel* is not alone among the published opinions of the Third Circuit Court of Appeals dismissing a Title VII complaint for being a mere one day late. *See, e.g.*, *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999) ("[The plaintiff] had until September 18 to

---

[1] A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted).

2

file her complaint. Because she, through her attorney, did not file the complaint until September 19, she failed to meet the EEOC's ninety-day filing period.").

Mr. Bridges seeks to excuse his lateness in two ways. Neither is persuasive.

First, he explains that although he received the EEOC letter on March 21, he did not show it to his counsel until one day later on March 22. In other words, the complaint was filed 90 day after Mr. Bridges's *counsel* received the letter. But "[t]he on-set of the 90-day period is generally considered to be the date on which the *complainant* receives the right-to-sue letter." *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (emphasis added); *see also Seitzinger*, 165 F.3d at 239 ("[T]he time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date he receives a right-to-sue letter from the agency."). Clearly, a systemic approach keyed to the date counsel receives a document from the client is unworkable and unjustified.

Second, Mr. Bridges argues that a district court *may*, but is not required to, dismiss an untimely complaint. "[A] claim filed even one day beyond [the] ninety day window is untimely and *may* be dismissed absent an equitable reason for disregarding this statutory requirement." *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3d Cir. 1999) (emphasis added); *see also Burgh*, 251 F.3d at 470 ("We have strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed."). Mr. Bridges has provided no equitable basis for tolling. The Court concludes that his complaint, "filed over ninety days after receipt of the right-to-sue letter, was

therefore untimely, and he has failed to state any equitable reason for disregarding the statutory requirement." *See Mosel*, 789 F.2d at 253. The complaint is therefore dismissed.[2]

## CONCLUSION

For the foregoing reasons, the Court grants the defendants' motion to dismiss.[3] An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2] Harsh though it may seem, the deadlines are set and exist for a reason that is fair to everyone who must operate under equivalent rules. Indeed, some might say that deadlines are the ultimate equalizer, not to mention inspiration.

[3] The Court notes as well that Mr. Bridges has conceded that Ms. Sovari could not be liable under Title VII under any circumstances, given that she was his co-worker and not his employer.